### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERTA E. SONNINO, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY ) | |
| UNIVERSITY OF KANSAS ) | |
| KANSAS UNIVERSITY SURGERY ASSOCIATION ) | Civil Action No. 02-2576 KHV |
| H. WILLIAM BARKMAN, Jr. M.D. ) | |
| LAURENCE Y. CHEUNG, M.D. ) | |
| IRENE M. CUMMING ) | |
| ROBERT PAGE-ADAMS ) | |
| KURT P. SCHROPP, M.D. ) | |
| ) | |
| Defendants ) | |
| ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### PARTIAL CONSENT MOTION FOR LEAVE TO FILE A SECOND
### AMENDED COMPLAINT FOR DECLARATORY AND MONETARY RELIEF

Plaintiff Roberta E. Sonnino, M.D., through undersigned counsel, files this memorandum, pursuant to Rule 15(a), Fed. R. Civ. P., in support of her Partial Consent Motion for Leave to File a Second Amended Complaint for Declaratory and Monetary Relief.

**I.      BACKGROUND.**

On November 15, 2002, Dr. Sonnino filed a Complaint for Declaratory and Monetary Relief and Jury Demand in this Court consisting of four counts: 1) violation of the Equal Pay Act, 29 U.S.C. §§ 206(d)(1), 215(a)(3), against defendants University of Kansas Hospital Authority ("Hospital Authority"),

1

University of Kansas, Kansas University Surgery Association ("KUSA"), and Laurence Y. Cheung, M.D. ("Cheung"); 2) deprivation of Dr. Sonnino's First Amendment right of free speech on matters of public concern under 42 U.S.C. § 1983 against defendants H. William Barkman, Jr., M.D. ("Barkman"), Cheung, Irene Cumming ("Cumming"), Robert Page-Adams ("Page-Adams"), and Kurt P. Schropp, M.D. ("Schropp"); 3) deprivation of Dr. Sonnino's Fourteenth Amendment right to due process under 42 U.S.C. § 1983 against defendants Barkman, Cheung, Cumming, Page-Adams, and Schropp; and 4) conspiracy to violate Dr. Sonnino's constitutional rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) against defendants Barkman, Cheung, and Schropp. See Complaint for Declaratory and Monetary Relief and Jury Demand (Nov. 15, 2002) ("Complaint"). On November 15, 2002, Dr. Sonnino also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

On December 19, 2002, Dr. Sonnino filed a First Amended Complaint for Declaratory and Monetary Relief and Jury Demand ("First Amended Complaint"), which reflected updated allegations regarding the status of her employment at the University of Kansas Medical Center.

On December 18, 2002, defendant University of Kansas filed a Motion to Dismiss, which the remaining defendants joined and incorporated on December 30, 2002. On January 7, 2003, defendant University of Kansas amended its Motion to Dismiss, and the remaining defendants joined and incorporated this amended motion on January 15, 2003. On February 26, 2003, Dr. Sonnino filed her Opposition to Defendant's Amended Motions to Dismiss. On March 24, 2003, the Court denied both defendants' Motions to Dismiss. As both parties were aware that Dr. Sonnino would seek to further amend the Complaint in order to add claims under Title VII once she had exhausted her administrative remedies, defendants requested an unopposed extension of time to file an Answer to Dr. Sonnino's First Amended

Complaint. The Court granted defendants this extension on April 8, 2003, and ordered that defendants' file their Answer 10 days after the filing of Dr. Sonnino's Second Amended Complaint. See Order (April 8, 2003).

To date, all parties have served written discovery. Dr. Sonnino and defendant University of Kansas have exchanged responses to their respective discovery requests. Dr. Sonnino awaits the remaining defendants' responses to her discovery requests.

On March 24, 2003, Dr. Sonnino received a Notice of Right-to-Sue from the EEOC. Dr. Sonnino has thus exhausted her administrative remedies pursuant to 42 U.S.C. § 2000e et seq., and now seeks to add her claims under Title VII.

On June 5, 2003, Dr. Barbara Atkinson, Executive Dean of the Medical School and Vice Chancellor for Clinical Affairs, removed Dr. Sonnino from her position as a Professor in the Department of Surgery and transferred her primary academic appointment to the Department of Pathology, against her wishes. This transfer violates Dr. Sonnino's due process rights as a tenured Professor of Surgery and further demonstrates Dr. Atkinson's retaliatory animus against her.

Finally, since the filing of the First Amended Complaint, Dr. Sonnino has come to learn additional relevant facts which bear directly on her claims and has added these additional factual allegations to the Second Amended Complaint in paragraphs 47, 55, 57-60, 63, 65-71, 73-75, 77-79, 81-84. In addition to the paragraphs highlighted above, plaintiff has made some minor stylistic edits which do not affect the substance of the complaint.

## II. THIS COURT SHOULD GRANT PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BECAUSE JUSTICE SO REQUIRES AND DEFENDANTS WILL SUFFER NO PREJUDICE.

Leave to file an amended pleading should be "freely given when justice so requires." Rule 15(a), Fed. R. Civ. P.; Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of the rule is to ensure that, to the extent possible, each controversy is decided on the merits rather than a procedural technicality. Foman, 371 U.S. at 182. "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id. at 182. A court should consider the hardship to the moving party if leave to amend were denied. 6 Wright, Miller & Kane, Federal Practice & Procedure, § 1487, at 621-23 (2d ed. 1990). Thus, unless the district court has a substantial reason to deny leave to amend, its discretion is not broad enough to permit denial. Conley v. Gibson, 355 U.S. 41, 48 (1957).

In order for a court to deny leave, a demonstrable showing of one of the following must be made: (1) undue prejudice to the opposing party; (2) bad faith on the part of the moving party; (3) futility of the amendment; or (4) undue delay. Foman, 371 U.S. at 182; Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993).

Dr. Sonnino's request for leave to amend her complaint to include claims under Title VII, to join Dr. Barbara Atkinson as a defendant, and to provide additional factual allegations should be granted because it would not cause Defendants prejudice, is made in good faith and is not unduly delayed, and would not be futile.

4

### A.      Defendants Will Suffer No Prejudice If Plaintiff's Motion for Leave To <u>Amend Is Granted.</u>

Defendants will not suffer prejudice if this Court grants Dr. Sonnino's motion. With regard to Dr. Sonnino's Title VII claims, defendants have been aware that Dr. Sonnino planned to add these claims and, in fact, received an extension of time in which to file their Answer <u>until</u> Dr. Sonnino amended her Complaint. Thus, both parties have anticipated that Dr. Sonnino would add Title VII claims to her Complaint, and defendants will not be prejudiced by the Court's granting her leave to do so. The addition of Dr. Atkinson as a defendant similarly poses no threat of prejudicing defendants, given that Dr. Sonnino identified Dr. Atkinson in the First Amended Complaint as an official of defendant University of Kansas who had taken adverse actions against her. Finally, the addition of several factual allegations identifying recent retaliatory adverse actions defendants have taken against Dr. Sonnino, and facts that she has only recently learned, are relevant to claims alleged in her First Amended Complaint, thus their addition will in no way prejudice defendants. Since defendants have not yet filed a response to Dr. Sonnino's First Amended Complaint, and discovery is only at an initial stage, defendants will be able to respond to any amendments and will have ample notice and opportunity to pursue discovery on all of Dr. Sonnino's allegations without suffering any prejudice. <u>See</u> <u>Mann v. Golden</u>, 428 F. Supp. 560, 563 (D. Kan. 1977).

### B.   Plaintiff's Motion Seeking Leave To Amend Is Brought In Good Faith And <u>Plaintiff Has Not Delayed In Moving To Amend The First Amended Complaint.</u>

Dr. Sonnino seeks to amend her First Amended Complaint so that she may receive full redress for the injuries defendants have inflicted upon her. She has not delayed in seeking leave to amend the First Amended Complaint, and instead seeks to amend at a proper time. When Dr. Sonnino she filed her First Amended Complaint, she had not exhausted her administrative remedies for redress of defendants' Title

VII violations and therefore could not file these claims until after receiving Notice of Right-to-Sue on March 24, 2003. See Durham v. Xerox Corp., 18 F.3d 836, 841 (D. Kan. 1994). Similarly, Dr. Atkinson is properly joined as a defendant at this time because she has, since the filing of Dr. Sonnino's First Amended Complaint, taken additional adverse action against her by transferring her academic appointment to the Department of Pathology from the Department of Surgery, effectively terminating Dr. Sonnino's academic position as a surgeon at the University of Kansas and further violating her constitutional rights. Finally, the additional factual allegations Dr. Sonnino seeks to add by amending the First Amended Complaint are those of which she only recently became aware. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (noting that events occurring since the date of complaint are proper for inclusion in a supplemental pleading). Thus, Dr. Sonnino in good faith and without delay, seeks to amend the First Amended Complaint at this time.

### C. Granting Plaintff's Motion For Leave To Amend Would Not Be Futile.

The Court cannot deny Dr. Sonnino's leave to amend on the basis that the proposed amendments would be futile. A district court may deny a motion for leave to amend as a futile gesture only where the amended pleading clearly could not survive a motion to dismiss. See, e.g., In re Baseball Bat Antitrust Litigation, 75 F. Supp. 2d 1189, 1202 (D. Kan. 1999) (citing Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 858-59 (10th Cir. 1999). A complaint may be dismissed for failure to state a claim only where its factual allegations, even if true, could not possibly provide a legal basis upon which relief may be granted. See, Caldwell-Baker Co. v. Southern Illinois Railcar Co., 225 F. Supp. 2d 1243 (D. Kan. 2002) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Dr. Sonnino properly states a claim under Title VII, and against Dr. Atkinson under the protections

6

of the First and Fourteenth Amendments to the Constitution, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). As a result, granting Dr. Sonnino's Motion would not be futile.[1]

### III. CONCLUSION

For the foregoing reasons, this Court should grant Dr. Sonnino's Partial Consent Motion for Leave to File a Second Amended Complaint for Declaratory and Monetary Relief.

Respectfully Submitted,

/s/ Dennis E. Egan

Dennis E. Egan, Esquire   D.Kan. #70672
The Popham Law Firm, P.C.
323 West 8th Street, Suite 200
Kansas City, MO 64105-1679
(816)221-2288

---

[1] Dr. Sonnino's addition of relevant facts will not subject the Second Amended Complaint to be subject to dismissal under Federal Rule of Civil Procedure 8 (a)(2). In fact, the Court has already rejected the argument defendants advanced regarding the number of factual allegations contained in the First Amended Complaint. See Memorandum and Order (March 24, 2003).

/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire      D.C.Bar #938936
Alan R. Kabat, Esquire       D.C.Bar #464258
Gena E. Wilstek, Esquire     D.C.Bar #472051
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Plaintiff,
Roberta E. Sonnino, M.D.

DATED:     June 17, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Partial Consent Motion For Leave to File a Second Amended Complaint for Declaratory and Monetary Relief was served on defendants by ECF filing, this 17th day of June 2003, to:

Doug Laird, Esquire
Patricia Sexton, Esquire
Polsinelli Shalton & Welte, P.C.
700 West 47th Street, Suite 1000
Kansas City, MO 64112

*Counsel for defendants University of Kansas Hospital Authority, Kansas University Surgery Association, H. William Barkman, Jr., Laurence Y. Cheung, Irene M. Cumming, Robert Page-Adams, and Kurt P. Schropp.*

John C. McFadden
Special Assistant Attorney General
3901 Rainbow Boulevard
Kansas City, KS 66160

*Counsel for defendant University of Kansas and Dr. Barbara Atkinson*

/s/_____
Dennis Egan