DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERTA E. SONNINO, M.D.,**

        **Plaintiff,**

   v.                                        Civil Action No. 02-2576-KHV-DJW

**UNIVERSITY OF KANSAS HOSPITAL**
**AUTHORITY, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint for Declaratory and Monetary Relief (doc. 147). For the reasons set forth below, the Court will grant the Motion.

**I.      Background Information and Summary of Proposed Amendments**

This is a discrimination action in which Plaintiff alleges causes of action under 42 U.S.C. §§ 1983 and 1985 for alleged violations of her rights of free speech secured by the First Amendment and her right of due process secured by the Fourteenth Amendment. Plaintiff also alleges causes of action under the Equal Pay Act, specifically, 29 U.S.C. § 206(d), for an unlawful pay differential and retaliation, and under Title VII of the Civil Rights Act of 1964, as amended,[1] for gender discrimination and retaliation.

---

[1] 42 U.S.C. §§ 2000e, *et seq*.

Plaintiff seeks leave to file a Third Amended Complaint. In her initial brief in support of her motion to amend, Plaintiff indicates she is seeking leave to assert additional factual allegations regarding adverse actions that she claims Defendants have taken against her and to provide additional factual information that she has recently discovered. She also seeks leave to add a fourth count asserting a state law defamation claim against existing Defendants University of Kansas Hospital Authority (the "Hospital Authority") and Dr. Barkman. In addition, she seeks leave to add a fifth count to assert a state law defamation claim against ten Jane and John Doe Defendants ("Doe Defendants").

In her reply brief, Plaintiff indicates that she is withdrawing her request to add a claim for defamation against the Hospital Authority. The Court will therefore deem that portion of her motion to amend withdrawn. Plaintiff also indicates that she has revised her proposed Third Amended Complaint to reflect that her defamation claims are being brought against Dr. Barkman and the Doe Defendants in their *individual* capacities but not their *official* capacities.

## II.     Standard for Ruling on a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[2]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3]  Leave to amend, however, is to be "freely given when justice so requires,"[4] and the Supreme Court has emphasized that "this mandate is to be

---

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

[4] *Id.*

2

heeded."[5] The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[6] Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]

## III.   Analysis

The University of Kansas, the Hospital Authority, Dr. Barkman, Dr. Cheung, and Dr. Atkinson (collectively the "Responding Defendants") have filed briefs in opposition to Plaintiff's Motion. The remaining four Defendants have filed no opposition. The Court will address each of the Responding Defendants' arguments below.

### A.   Eleventh Amendment Immunity

The Responding Defendants first argue that leave to amend to assert the defamation claims should be denied on the basis of futility because they are barred by Eleventh Amendment immunity.[8] As noted above, Plaintiff has indicated she is only seeking leave to assert the defamation claims against Dr. Barkman and the Doe Defendants in their *individual* and not their *official* capacities. This distinction is important, as it is well settled that "suits seeking damages from state officials in their *individual* capacities are not

---

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[8] As Plaintiff has withdrawn her request for leave to file a defamation claim against the Hospital Authority, the Court will only address the Eleventh Amendment immunity issue as it applies to the proposed defamation claims against Dr. Barkman and the Doe Defendants.

3

barred by the Eleventh Amendment."[9]  The United States Supreme Court has recognized that "a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally."[10]  The Eleventh Amendment is not implicated in such individual capacity suits because any award of damages will be satisfied from the individual's personal assets and will not be paid from the state treasury.[11]

As Plaintiff seeks to assert these claims against Dr. Barkman and the Doe Defendants only in their individual capacities, these claims are not barred by Eleventh Amendment immunity.  The Court will therefore decline to deny the motion to amend on this basis.

### B. Immunity under the Health Care Quality Improvement Act

The Hospital Authority and Dr. Barkman make an additional futility argument, asserting that the proposed defamation claims are barred by the Health Care Quality Improvement Act ("HCQIA"),[12] and specifically, 42 U.S.C. § 11111(a)(1).  That statutory provision shields health care entities and individual

---

[9] *Conforth v. Univ. of Ok. Bd. of Regents*, 263 F.3d 1129, 1132-33 (10th Cir. 2001) (emphasis added) (citing *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Papasan v. Allain*, 478 U.S. 265, 277 n. 11 (1986)).

[10] *Alden v. Maine,* 527 U.S. 706, 757 (1999) (citations omitted).

[11] *Conforth*, 263 F.3d at 1133.

[12] 42 U.S.C. §§ 11101, *et seq.*

4

physicians from liability for damages[13] for actions performed in the course of monitoring the competence of health care personnel and participating in professional review actions.[14]

In order for HCQIA immunity to attach to a professional review action, the action must meet certain standards.[15] The HCQIA provides:

[The] professional review action must be taken—

(1) in the reasonable belief that the action was in the furtherance of quality health care,
(2) after a reasonable effort to obtain the facts of the matter,
(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).[16]

All four of these standards must be met if the immunity is to apply.[17] Although a professional review action is presumed to have met these four standards, that presumption may be rebutted by a preponderance of the evidence.[18] Thus, if a plaintiff challenging a peer review action proves, by a preponderance of the

---

[13] This section excludes from its coverage civil rights claims such as those brought under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. *Addis v. Holy Cross Health Sys. Corp.*, 88 F.3d. 482, 486 (7th Cir. 1996) (citing 42 U.S.C. § 11111(b)).

[14] *Singh v. Blue Cross/Blue Shield of Mass., Inc.,* 308 F.3d 25, 31 (1st Cir. 2002); *Austin v. McNamara*, 979 F.2d 728, 733 (9th Cir. 1992).

[15] *Singh*, 308 F.3d. at 31 (citing 42 U.S.C. § 11111(a)).

[16] 42 U.S.C. § 11112(a).

[17] 42 U.S.C. § 11111(a)(1).

[18] 42 U.S.C. § 11112(a).

evidence, that any one of the four requirements was not satisfied, the peer review body, or individual participating in the peer review action, is no longer afforded immunity from damages.[19]

Plaintiff's proposed amendment alleges that Dr. Barkman and the Doe Defendants "made false statements about Plaintiff, with knowledge of the falsity of the statements or with reckless disregard for the truth or falsity of the statements" to various third parties, including the Georgia Composite State Board of Medical Examiners ("Georgia Board") and the National Practitioner Data Bank ("Data Bank").[20] The proposed Third Amended Complaint alleges that (1) Defendants reported Plaintiff to the Data Bank even though they knew her actions had not compromised patent care; (2) Defendants did not reasonably investigate the allegations made against Plaintiff; (3) Defendants did not afford Plaintiff adequate fair hearing procedures; and (4) Defendants' report of Plaintiff to the Data Bank was unwarranted and discriminatory.[21]

Plaintiff argues that these allegations are sufficient to raise questions regarding whether Dr. Barkman and the Doe Defendants should be deemed immune under the HCQIA and that the Court should not deny her motion to amend on the basis of futility. The Court agrees.

A proposed amendment should be deemed futile if the complaint, as amended, would be subject to dismissal for any reason.[22] This includes not only that the amendment would fail to survive a

---

[19]*Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1333 (10th Cir. 1996) (citing 42 U.S.C. § 11112(a)).

[20]Revised Proposed Third Am. Compl., attached to doc. 164, ¶155; *see also id.*, ¶¶ 92-93, 96, 156, 159.

[21]*See id.*, ¶¶ 34-39, 57-58, 60, 65-68, 70, 76, 129, 138.

[22]*Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001) (citing *Jefferson*
(continued...)

6

Rule 12(b)(6) motion to dismiss but that it would fail to survive a motion for summary judgment.[23] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond doubt" that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief[24] or when an issue of law is dispositive.[25]  Summary judgment is appropriate only if, when viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[26]

Here, there are no depositions, answers to interrogatories, affidavits or any other evidentiary materials upon which the Court could even begin to determine that Dr. Barkman and the Doe Defendants are immune under the HCQIA.  Numerous factual issues exist as to whether the four standards necessary for immunity have been met.  Thus, the Court cannot conclude that Plaintiff's proposed defamation claims would not survive summary judgment.

The Court is also unable to conclude that the proposed defamation claims would not survive a Rule 12(b)(6) motion to dismiss.  Plaintiff has pled numerous facts, that if proven true, could lead the factfinder

---

[22](...continued)
*County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 858-59 (10th Cir. 1999); *Bauchman v. West High School*, 132 F.3d 542, 561 (10th Cir. 1997)).

[23]*Watson*, 242 F.3d at 1239-40.

[24]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[25]*Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

[26]*Nat'l Am. Inc. Co. v. Am. Re-Insurance Co.*, 358 F.3d 736, 739 (10th Cir. 2004) (citing Fed.R.Civ.P. 56(c)).

to determine that HCQIA immunity would not attach. The Court cannot say, based on the allegations pled in the proposed Third Amended Complaint, that it appears "beyond doubt" that Plaintiff can prove no facts in support of her defamation claims. While Plaintiff may not ultimately prevail on her proposed defamation claims, she is entitled to offer evidence to support her allegations.[27]

In light of the above, the Court will decline to deny the motion to amend on the basis that Defendants are immune from liability for defamation under the HCQIA.

### C.     Waivers and Releases Executed by Plaintiff and Medical Staff Bylaws

The Hospital Authority and Dr. Barkman assert additional futility arguments and urge the Court to deny Plaintiff's request to add the proposed defamation claims because (1) Plaintiff signed an affidavit in connection with her application to the Georgia Board in which she released all persons who furnished information to that Board from liability of every nature arising out of the furnishing of such information; (2) Plaintiff signed a Consent and Release for Use and Disclosure of Information ("Consent") in connection with her Application for Reappointment to the Hospital Authority's Medical Staff, in which she released the University of Kansas Hospital and its Medical Staff from any liability of any kind in connection with the release of information to the Hospital or its Medical Staff; and (3) Plaintiff consented in writing to be bound by the Bylaws of the Medical Staff, which contain various immunity provisions.

---

[27]*See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (the issue in determining a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

8

The Hospital Authority and Dr. Barkman argue that Plaintiff is bound by these releases and the immunity provisions of the Medical Staff Bylaws. Thus, they assert it would be futile to allow Plaintiff leave to amend to add the proposed defamation claims.

Plaintiff counters that the affidavit she signed in connection with her application to the Georgia Board releases only claims relating to the furnishing of information to the Board concerning her application for a Georgia medical licence and does not release any claims relating to the furnishing of information occurring months after her Georgia license was granted. She also argues that this release only covers information provided to the Georgia Board and does not apply to any alleged defamatory information that Dr. Barkman sent to the Data Bank and other third parties.

With respect to the Consent Plaintiff signed in connection with her Application for Reappointment to the Hospital Authority's Medical Staff, Plaintiff asserts that it contains a provision which states that the release of claims is conditioned on the information being furnished "in good faith and without malice." She argues that the Consent does not bar her proposed defamation claims because her proposed Third Amended Complaint alleges Dr. Barkman and the Doe Defendants acted in bad faith and with malice in making the alleged defamatory statements.[28]

Finally, with respect to the Medical Staff Bylaws, Plaintiff asserts that she never signed the Bylaws and that, by their terms, the immunity provisions contained therein only provide a release "to the fullest extent permitted by law." She argues that "the law," i.e., the HCQIA, does not provide immunity under the facts alleged in this case.

---

[28] Revised Proposed Third Am. Compl., attached to doc. 164, ¶¶ 155, 92-93, 96, 156, 159.

It is clear to the Court that many factual issues exist as to whether the affidavit signed in connection with Plaintiff's application for a Georgia medical licence and the Consent signed in connection with Plaintiff's Application for Reappointment to the Hospital Authority's Medical Staff would release the proposed defamation claims. No evidentiary materials have been provided to the Court upon which the Court can make any determination that Plaintiff has released her claims. The same is true with respect to whether Defendants would be immune under the Medical Staff Bylaws. Thus, the Court cannot conclude that Plaintiff's proposed defamation claims would fail to survive summary judgment.

Nor can the Court conclude that Plaintiff's defamation claims would fail to withstand a Rule 12(b)(6) motion to dismiss. The Hospital Authority and Dr. Barkman have not shown that Plaintiff's proposed Third Amended Complaint is deficient on its face, and Plaintiff is entitled to present evidence relating to her proposed defamation claims and the validity and applicability of the releases and the immunity provisions of the Medical Staff Bylaws. In short, the Court does not find it would be futile to allow Plaintiff leave to amend to add her defamation claims on this basis.

### D. Alleged Misrepresentation of the Facts Underlying Plaintiff's Proposed Defamation Claims

Finally, the University of Kansas, Dr. Cheung, and Dr. Atkinson ask the Court to deny Plaintiff leave to add her defamation claims on the basis that "[P]laintiff's justification for seeking permission to file [these claims] is premised upon a rather egregious misrepresentation of the facts underlying [her] new claims."[29] These Defendants provide the Court with a narrative of facts, facts which they contend disprove Plaintiff's proposed defamation claims.

---

[29] Defs.' Opp. to Pl.'s Mot. to File Third Am. Compl. (doc. 152) at p. 1.

10

This narrative of facts is not supported by any evidence and contains nothing more than conclusory allegations. This information does not establish that granting Plaintiff leave to amend to add her defamation claims would be futile. The Court will therefore decline to rely upon this information to deny Plaintiff's motion to amend.

## IV.  Conclusion

Defendants argue that amendment to add the proposed defamation claims would be futile and ask the Court to deny Plaintiff's motion to amend on that basis. They assert no other grounds for denying Plaintiff leave to amend. As discussed in detail above, the Court does not find that amendment would be futile. Plaintiff is entitled to offer evidence to support her allegations of defamation. Accordingly, Plaintiff's motion for leave to amend will be granted. Plaintiff shall electronically file and serve the Third Amended Complaint (as revised) within **five (5) days** of the date of filing this Order. Defendants shall plead in response to the Third Amended Complaint within **ten (10) days** of the date of filing of the Third Amended Complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File a Third Amended Complaint for Declaratory and Monetary Relief (doc. 147) is granted.

IT IS FURTHER ORDERED that Plaintiff's request to assert a defamation claim against the University of Kansas Hospital Authority is withdrawn at Plaintiff's request.

IT IS FURTHER ORDERED that Plaintiff shall electronically file and serve the Third Amended Complaint (as revised) within **five (5) days** of the date of filing this Order. Defendants shall plead in

11

response to the Third Amended Complaint within **ten (10) days** of the date of filing of the Third Amended Complaint.

      IT IS SO ORDERED.

      Dated in Kansas City, Kansas on this 5th day of April 2004.

                                      s/David J. Waxse
                                      David J. Waxse
                                      U.S. Magistrate Judge

cc:      All counsel and *pro se* parties